**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ANDRES C. OROZCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-CV-3091-WJE |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Plaintiff Andres Cruz Orozco seeks judicial review[1] of a final administrative decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title XVI of the Social Security Act (SSA), 42 U.S.C. §§ 401 *et seq.* Mr. Orozco contends the administrative record (AR) does not contain substantial evidence to support the Commissioner's decision that he was not disabled during the relevant period. For the reasons that follow, the Commissioner's decision will be affirmed.

### I.      Background

Mr. Orozco is a former U.S. military service-member who filed an application for DIB on July 22, 2016. (AR 191). He alleged a disability onset date of January 1, 2015, when he was twenty-one years old, stemming primarily from severe depression. (AR 191, 256). The claim was initially denied on August 8, 2016, and denied again upon reconsideration on September 8, 2016. (AR 93-110). Thereafter, Mr. Orozco filed a written request for a hearing on October 7, 2016, pursuant to 20 C.F.R. §§ 404.929 *et seq*. (AR 111-12). Mr. Orozco appeared with counsel and testified at a hearing before Administrative Law Judge (ALJ) Sherry L. Schallner on October 2, 2017, in Springfield, Missouri. (AR 33).

The ALJ heard Mr. Orozco's testimony and reviewed evidence from a number of sources, including Eleanor E. Cruise, Ph.D., Lori Brandon Souther, Ph.D, Lillian Horne, M.D., treating physician Shayne Power, Psy.D., and treating psychologist Justin Baker, Ph.D. (AR 15-19). Each of these medical opinions were afforded great weight. (AR 19). The ALJ also heard testimony

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

from vocational expert Jacqueline E. Crawford-Apperson (VE), who testified someone with Mr. Orozco's residual functional capacity (RFC) was capable of performing work existing in significant numbers in the national economy. (AR 61-62). On October 27, 2017, the ALJ ultimately found Mr. Orozco was not disabled. (AR 22).

## II.     Disability Determination and the Burden of Proof

A claimant seeking DIB has the burden of establishing he or she suffers from a disability as defined by the SSA in 42 U.S.C. § 423(d). *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). This requires demonstration of (1) a medically determinable impairment that has lasted or will likely last for a period of at least one year that (2) has rendered claimant unable to engage in any "substantial gainful activity" (3) because of the impairment. *Id.*; 42 U.S.C. § 423(d)(1)(A); *see also McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir. 1983). Based on these criteria, the Social Security Administration has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520(a) and 416.920(a); *see also Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

> The Commissioner must evaluate:
>
> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *Simmons*, 264 F.3d at 754-55.

At step one, the Commissioner must determine whether the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. § 404.1572(b). If the claimant is engaged in SGA, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If the claimant is not engaging in SGA, the analysis proceeds to the second step.

Next, at step two, the Commissioner must determine whether the claimant has a severe, medically-determinable impairment that significantly limits the claimant's physical or mental ability to perform basic work activities. *Dixon*, 353 F.3d at 605. An impairment or combination of impairments is not severe when evidence–medical or otherwise–establishes one or more slight abnormalities that would have only a minimal effect on an individual's ability to work. *Kirby*, 500 F.3d. at 707; 20 C.F.R. §§ 404.1521 and 416.921. If the claimant does not have one or more severe, medically-determinable impairments, the claimant is not disabled under the SSA.

If the claimant is found to be severely impaired, the analysis proceeds to the third step where the Commissioner must determine whether the claimant's impairment(s) meet or medically equal the severity criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment(s) meet the criteria and duration requirement, the claimant is disabled. Otherwise, the analysis proceeds to the next step.

At step four, the Commissioner examines evidence provided by the claimant to assess the claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC refers to a claimant's ability to perform physical and mental work activities on a sustained basis despite limitations from impairments. *Id.* At this stage of the analysis, the Commissioner is responsible for developing the claimant's complete medical history, arranging for consultative examinations, and assisting claimant with gathering other medical evidence. 20 C.F.R. §§ 404.1545(a)(3) and 416.945(a)(3). If a claimant retains the RFC for work performed in the fifteen years prior to the onset of the alleged disability ("past relevant work"), then the claimant is not disabled. If the claimant is unable to do or does not have any past relevant work, the analysis proceeds to the final step and the burden shifts, thereafter requiring the Commissioner to disprove disability.

At step five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant is able to do any other work. Though the claimant continues to bear the burden of proving disability, once he or she adequately shows an inability to do past work, the Commissioner has the burden of proving the claimant retains the RFC to do *other* types of work. *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000). The Commissioner is then responsible for providing evidence that other work the claimant can perform exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1512(g), 404.1560(c), 416.912(g)

and 416.960(c). If the claimant is able to do other work, the claimant is not disabled. If the claimant is not able to do other work and meets the duration requirement, the claimant is disabled.

### III. The ALJ's Findings

The ALJ made the following findings:

1. Mr. Orozco meets the insured status requirements of the SSA through December 31, 2021.

2. Mr. Orozco engaged in SGA from January 2015 through November 2015. 20 C.F.R. §§ 404.1571 *et seq.*

3. Mr. Orozco has not engaged in any SGA since December 1, 2015. 20 C.F.R. §§ 414.1571 *et seq.*

4. Mr. Orozco has the following severe impairments: degenerative disc disease of the lumbar spine; major depressive disorder; and generalized anxiety disorder. 20 C.F.R. § 404.1520(c).

5. Mr. Orozco does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

6. Mr. Orozco has the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) except he can understand, remember, and carry out simple instructions and make simple work-related decisions; he can interact occasionally with supervisors and co-workers, but never with the general public; and he cannot perform production-paced work.

7. Mr. Orozco is unable to perform any past relevant work. 20 C.F.R. § 404.1565.

8. Mr. Orozco was born on May 13, 1993, and was 21 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. 20 C.F.R. § 404.1563.

9. Mr. Orozco has at least a high school education and is able to communicate in English. 20 C.F.R. § 404.1564.

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Mr. Orozco is "not disabled," whether or not he has transferable job skills. *See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2.

11. Considering Mr. Orozco's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. 20 C.F.R. §§ 404.1569 and 404.1569(a).

12. Mr. Orozco has not been under a disability, as defined in the SSA, from January 1, 2015, through October 27, 2017. 20 C.F.R. § 404.1520(g).

## IV.     Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006). "Substantial evidence" is less than "a preponderance of the evidence," merely requiring that a reasonable person would find the evidence adequate to support the Commissioner's decision. *Id.*; *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003). All evidence, whether it supports or contradicts the Commissioner's decision, should be examined to determine whether the existing evidence is substantial. *Baker*, 457 F.3d at 892.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the Court considers the educational background, work history, and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of a VE when based upon proper hypothetical questions that fairly set forth the claimant's impairments. *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir. 1983).

"As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently." *Baker*, 457 F.3d at 892; *Schouten v. Berryhill*, 685 F. App'x 500, 501 (8th Cir. 2017); *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *Wheeler v. Apfel*, 224 F.3d 891, 893-94 (8th Cir. 2000); *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1996).

## V.     Discussion

Mr. Orozco argues remand is proper because the ALJ did not accurately formulate his mental RFC. Specifically, Mr. Orozco contends the ALJ committed error by assigning "great weight" to Dr. Power, but failing to consider all of Dr. Power's findings in the RFC formulation and hypothetical question posed to the VE. The Government has responded in opposition, asserting that substantial evidence supports the ALJ's decision and therefore affirmance is proper. After a full review of the administrative record and consideration of the parties' pleadings and oral

argument held on December 11, 2018, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole and must be affirmed.[2]

"The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). While a treating physician's opinion is generally entitled to controlling weight, the opinion does not control when other credible evidence in the record detracts from that opinion. *Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011) (citing *Heino v. Astrue*, 578 F.3d 873, 880 (8th Cir. 2009)). Similarly, assigning "great weight" to a physician's medical opinion does not require the ALJ "to completely adopt every opinion offered by [the physician]." *McClure v. Colvin*, No. 4:12 CV 1763 RWS, 2014 WL 824268, at *7 (E.D. Mo. Mar. 3, 2014).

Substantial evidence supports the ALJ's decision to afford great weight to Dr. Power's medical opinions without including every such opinion in the RFC formulation. Dr. Power wrote that Mr. Orozco was extremely impaired in his ability to understand and remember detailed instructions, and markedly impaired when carrying out detailed instructions and concentrating for extended periods. (AR 19, 744). However, Dr. Power noted these conclusions were "based on quite limited information," as Mr. Orozco was a relatively new patient at the time. (AR 19, 745). Moreover, Dr. Power found Mr. Orozco to be only moderately impaired in other areas, including understanding and carrying out short, simple instructions; responding appropriately to changes in the workplace; and accepting instructions and responding appropriately to criticism from supervisors. (AR 19, 744). And the ALJ indicated that all of Dr. Power's opinions–including the findings of extreme and marked limitations–did not ascribe any functional limitations to Mr. Orozco. (AR 19).

Furthermore, the ALJ noted that Dr. Power believed continued evaluation and treatment would improve Plaintiff's symptoms. *Id.* Dr. Power opined that Mr. Orozco had not yet had enough time to adjust to life outside of the military, and that he would likely respond positively to treatment. *Id.* The ultimate RFC formulation essentially reflects the great weight given to Dr. Power's opinions, as the ALJ imposed significant limitations on the type of work available to Mr.

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.

Orozco. (AR 16). Accordingly, substantial evidence exists to support the ALJ's decision to assign great weight to Dr. Power while not adopting every one of Dr. Power's specific opinions.

Other medical opinions and clinical findings in the record support the ALJ's mental RFC formulation as well. The ALJ emphasized that Dr. Baker, a treating psychologist, agreed with Dr. Power that Mr. Orozco's symptoms would improve with continued treatment in a civilian setting. (AR 19). Dr. Baker ascribed only mild to moderate limitations to Mr. Orozco. (AR 19, 414). The ALJ further explained that both state psychological consultants, Dr. Cruise and Dr. Souther, found Mr. Orozco capable of performing simple, routine, repetitive tasks, despite some limitations with attention and concentration. (AR 18-19). And the ALJ specifically noted a litany of examples from Mr. Orozco's medical records that suggest treatment has been relatively effective in controlling Plaintiff's mental health impairments. (AR 18). Indeed, after the alleged disability onset date, Mr. Orozco worked as a dog trainer, and currently manages his finances, regularly goes to the gym, uses a computer, plays video games, goes to appointments on time, cleans his home, trains his dog, mows the grass, and drives a car. (AR 12, 39, 45-46, 48, 49, 265-69). Accordingly, the record bears substantial evidence to support the ALJ's decision.

As a consequence, Mr. Orozco's argument of an improper hypothetical question posed to the VE is unsubstantiated. As discussed, substantial evidence exists to support the ALJ assigning great weight to Dr. Power's medical opinions while nonetheless excluding some of his opinions from the RFC formulation. The ALJ's decision not to include each and every finding of Dr. Power in the hypothetical question was likewise proper. Thus, the hypothetical question posed to the VE was sufficient.

In sum, substantial evidence supports the ALJ's formulation of the RFC, including the weight given to Dr. Power's medical opinions. The Court must therefore affirm the ALJ's decision.

## VI.    Conclusion

For the reasons as set forth herein, the Court finds the Commissioner's determination that Mr. Orozco is not disabled to be supported by substantial evidence on the record as a whole, and is affirmed. Judgment shall be entered in favor of Defendant and against Plaintiff.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed as set forth herein.

Dated this 13th day of December, 2018, at Jefferson City, Missouri.

WILLIE J. EPPS, JR.
United States Magistrate Judge